UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 05-254-GWU

JOHNNY G. ROSE,                                              PLAINTIFF,

VS.                      **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,            DEFENDANT.

## INTRODUCTION

Currently before the court is the fee petition of Rose's counsel, Wolodymyr Cybriwsky, filed pursuant to 42 U.S.C. Section 406(b)(1).

## APPLICABLE LAW

In general, 42 U.S.C. Section 406(b) provides for award of attorney's fees in judicial proceedings where the outcome is favorable to the claimant. The statute states that "the court may determine and allow as part of its judgment a reasonable fee . . . not in excess of 25 percent of the total of the past due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. Section 406(b).

In addition, the Equal Access to Justice Act provides that counsel to a party prevailing against the United States in a court action may be awarded fees payable by the United States if the government's position in the litigation was not

1

"substantially justified." Gisbrecht v. Barnhart, 535 U.S. 789, 706 (2002), citing 28 U.S.C. Section 2412(d)(1)(A). Fee awards can be granted under both acts, but the claimant's attorney "must refund to the claimant the amount of the smaller fee." Id., citing act of August. 5, 1985, Pub. L. 99-80, Section 3, 99 Stat. 186.

## DISCUSSION

The defendant apparently does not dispute that 25 percent of the plaintiff's past due benefits would be correctly calculated as $16,005.25. Commissioner's Response to Plaintiff's Petition for Attorney Fees Under 42 U.S.C. Section 406(B) ("Commissioner's Response"), Docket Entry No. 31, p. 2. Nor does there appear to be any dispute that counsel can retain only the lesser of a Section 406(b)(1) award, or his previous $6,543.75 Equal Access to Justice Act (EAJA) fee award. Jankovich v. Bowen, 868 F.2d 867, 871 n.1 (6th Cir. 1989).

The issues in dispute are: (1) whether the Section 406(b)(1) award should be the full $16,005.25 urged by counsel, or whether the amount should be reduced by $5,300.00, the amount paid by the defendant to another attorney, Clarissa Friend, for representation at the administrative level; and (2) whether the fee sought is reasonable for the services rendered.

On the first issue, the Sixth Circuit has ruled that the administrative fee awards under Section 406(a) are not subject to the 25 percent past due benefits cap, Buchanan v. Apfel, 249 F.3d 485, 492 (6th Cir. 2001), and the undersigned has previously held that, by extension, there is "no logical reason to automatically deduct

such fees as part of any such cap found under (b), particularly when the fee award made to this attorney will not exceed the cap itself." Angela K. Hampton v. Commissioner of Social Security, Pikeville Civil Action No. 00-298-GWU (April 24, 2003). The court noted:

> [T]he client signed a contingent fee contract with Mr. Cybriwsky; other subsequent arrangements for representation by different counsel of record do not necessarily relieve the plaintiff of the need to pay for [her] attorney's services. A person may have as many lawyers working on his case as he wishes, presumably so long as he is willing to pay them. Oroshinik v. Schweiker, 569 F.Supp. 399, 400 (D.N.J. 1983). Neither does the district court believe that the [Commissioner], by a prior determination of what are "reasonable" fees for work before the administrative agency, have the power to further constrict what a court may award for work before it.

Hampton, slip op. at 2.

This leaves only the second issue, whether the fee sought is reasonable for the services rendered. In the leading case of Rodriquez v. Bowen, 865 F.2d 739 (6th Cir. 1989), the Sixth Circuit held that 25 percent of past due benefits is a benchmark in determining attorney's fees in Social Security cases, and, if the fee agreement states that the attorney will be paid 25 percent of past due benefits awarded, it should be given the weight given to a rebuttable presumption. Id. at 746. While deductions should be made for improper conduct or ineffectiveness of counsel, Id. at 747, neither is alleged here.

Deductions can also be made if the fee is so high as to constitute a windfall. Id. In a subsequent case, the Sixth Circuit provided guidance in determining

05-254 Rose

whether such a windfall occurred. Hayes v. Secretary of Health and Human Services, 418 F.2d 418 (6th Cir. 1991) contains the following discussion.

> We believe that, under Rodriquez, a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market.
>
> A calculation of a hypothetical hourly rate that is twice the standard rate is a starting point for conducting the Rodriquez analysis. It provides a floor, below which a district court has no basis for questioning, under the second part of Rodriquez's windfall rule for "minimal effort expended," the reasonableness of the fee. In other words, a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable.
>
> If the calculated hourly rate is above this floor, then the court may consider arguments designed to rebut the presumed reasonableness of the attorney's fee. Such arguments may include, without limitation, a consideration of what proportion of the hours worked constituted attorney time as opposed to clerical or paralegal time and the degree of difficulty of the case. Factors such as these should inform the district court's determination of whether the attorney would enjoy a windfall because of . . . minimal effort expended." Rodriquez, 865 F.2d at 746.

Hayes, 923 F.2d at 422.

The contingent fee agreement signed by the plaintiff provided for an award to counsel of 25 percent of past due benefits or a "base of $325.00 per billable hours in federal appeals," with no fee charged unless the case was won. The court awarded EAJA fees at the rate of $125.00 per hour. Taking this as the "standard rate for such work in the relevant market," the calculation produces a fee amount

4

at the Rodriquez floor. Multiplying the 52.35 hours allowed in the EAJA petition by $250.00 (twice the $125.00 base rate) produces a total of $13,087.50. Counsel would have been entitled to at least $13,087.50, more than the $10,705.25 urged by the Commissioner and less than the $16,005.25 urged by plaintiff's counsel. However, this $13,087.50 is only a minimum, "floor" figure and the award can be adjusted upward at the district court's discretion. Hayes, 923 F.2d at 423, n. 2.

The court notes that Rodriquez was cited with approval in Gisbrecht v. Barnhart, 535 U.S. 789, 808 (2002). While the Supreme Court did not expressly state that the two-multiplier factor was valid or not valid, it endorsed the Sixth Circuit's view that a downward adjustment in fees is proper if the fee is large in comparison to the amount of time counsel spent on the case. Id. Besides Rodriquez, the Supreme Court cited McGuire v. Sullivan, 873 F.2d 974 (7th Cir. 1989), which recommends the following factors be considered where counsel seeks a full 25 percent contingency fee: The time and labor involved, the skill required, the amount involved, the experience and ability of the attorney, and awards in similar cases. Id. at 983. Another case cited by the Court notes that the district court should consider whether there was fraud or overreaching in making the contingent fee contract. Wells v. Sullivan, 907 F.2d 367, 372 (2d Cir. 1990).

In the present case, there has been no suggestion of fraud of other improper conduct on the part of Mr. Cybriwsky, who is a highly skilled, experienced and tenacious advocate. His 51 page brief in support of the plaintiff's motion for

05-254 Rose

summary judgment contains a detailed review of the complex procedural history of the case, as well as of the medical exhibits.  Moreover, the Commissioner responded to the brief with a Motion for Entry of Judgment and Remand under Sentence Four of 42 U.S.C. Section 405(g), expressly in order to further evaluate the plaintiff's mental impairment, to determine his maximum residual functional capacity, and to resolve conflicts between evidence provided by the vocational expert and information contained in the <u>Dictionary of Occupational Titles</u>, and to either consider evidence from the February 21, 2001 hearing or account for its absence--all of which were issues put forth in counsel's brief.  The pivotal, successful analysis was already advanced by Mr. Cybriwsky before the case returned to the administrative level.  In addition to presenting an excellent brief, counsel also expended over 50 hours in the action before the defendant moved to remand, so the court cannot find that his efforts were in any way "minimal" or disproportionate to the benefits derived.  Accordingly, the award will be adjusted upward from the <u>Rodriquez</u> floor.

    This the 30th day of January, 2008.



**Signed By:**
<u>**G. Wix Unthank**</u>
**United States Senior Judge**